UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERIC MARTINEZ,

                        Plaintiff,

       -against-                                          **ORDER**
                                                            23 CV 3395 (LDH) (CLP)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On May 5, 2023, plaintiff Eric E. Martinez ("plaintiff") commenced this action against Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), alleging that he was wrongfully denied Social Security Disability and/or Supplemental Security Income Benefits, pursuant to sections 216(i) and 223(d), and under sections 1602 and 1614(a)(3)(A) of the Social Security Act, as applicable. (ECF No. 1). On March 13, 2024, the Honorable LaShann DeArcy Hall So Ordered the parties' joint stipulation, reversing and remanding the Commissioner's decision for further administrative proceedings. (ECF No. 10).

Currently pending before this Court is plaintiff's Motion for an award of attorney's fees, pursuant to Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 17). For the reasons set forth below, the Court grants the motion.

BACKGROUND

Plaintiff Martinez became disabled and unable to work on August 10, 2018. (Compl. ¶ 4). On April 24, 2019, plaintiff applied for Disability and Supplemental Security Income Benefits. (Id. ¶ 6). On April 13, 2021, plaintiff appeared and testified before an administrative

1

law judge ("ALJ"). (Id. ¶ 7). Following the decision of the ALJ finding plaintiff was not entitled to benefits, and denying his application for benefits, plaintiff requested Appeals Council review of the ALJ's decision. (Id. ¶¶ 8, 9). On March 28, 2023, the Office of Disability Adjudication and Review sent a Notice indicating that the Appeals Council had upheld the decision of the ALJ. (Id. ¶ 10).

Plaintiff then engaged Eddy Pierre Pierre, Esq. to file a civil action in federal court challenging the final administrative decision denying plaintiff's application for disability benefits under the Social Security Act. (Pierre Aff.[1] ¶ 5). Plaintiff entered into a contingent retainer agreement with Mr. Pierre whereby, if the appeal was successful and past due benefits were awarded, the firm would petition the court for up to twenty-five percent (25 %) of the past due disability benefits payable to plaintiff. (Id. ¶ 6; Ex. A[2]).

On May 5, 2023, plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g),[3] appealing the Commissioner's decision to deny plaintiff's claim for disability insurance benefits. (ECF No. 1). On March 8, 2024, the parties filed a joint Motion to Remand the case to the Social Security Administration, which was so Ordered by the district court on March 13, 2024. (ECF No. 10; Order dated March 13, 2024).

On June 26, 2024, counsel for plaintiff moved for reasonable attorney's fees under the Equal Access to Justice Act ("EAJA"), and the Commissioner agreed to stipulate to a fee in the amount of $7,898.06. (ECF No. 15).

Following several additional hearings, plaintiff was ultimately found disabled on April 24, 2025and counsel later received the May 6, 2025 Notice of Award from the SSA, relating to

---

[1] Citations to "Pierre Aff." refer to the Affirmation of Eddy Pierre Pierre in Support of Motion for Fees Pursuant to 42 U.S.C. 406(b)(1) (ECF No, 19).
[2] Citations to "Ex. A" refer to the contingent agreement attached as an exhibit to the Declaration of Mr. Pierre.
[3] Section 405(g) is made applicable to final determinations regarding SSI benefits by 42 U.S.C. § 1383(c)(3).

2

plaintiff's total past due benefits payable for the period February 2019 through December 2024. (Pierre Aff. ¶¶ 10, 13, Ex. C).

The Notice of Award letter dated May 6, 2025 advised that the Social Security Administration had withheld $52,166.00 from plaintiff's past due benefits to pay a possible attorney fee request. (Pierre Aff. ¶ 13, Ex. C at 3; Gov't Ltr.[4] at 1). This amount represents 25% of plaintiff's past-due benefits. (See Pl.'s Mem.[5] at 3).

On May 15, 2025, plaintiff filed the instant motion seeking $52,166.00 in attorney's fees under Section 406(b). (ECF No. 18). In counsel's affirmation filed along with the application, counsel notes that under the Agreement, plaintiff is entitled to a credit in the amount of $7,898.06, representing the amount already received by counsel pursuant to EAJA. (Pierre Aff. ¶ 11). On May 23, 2025, the Honorable LaShann DeArcy Hall referred the motion to the undersigned. (Docket Order, dated May 23, 2025).

## DISCUSSION

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this title . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A).

A. Timeliness of Application

Before considering the substance of plaintiff's motion, the Court must determine whether the motion is timely. Here, plaintiff's Notice of Award letter was issued on May 6, 2022. The

---

[4] In its letter filed June 10, 2025 ("Gov't Ltr.") (ECF No. 20), the government notes that the Commissioner has no direct financial stake in the outcome of counsel's motion and acts more like a "trustee for the claimants." (Id. at 1 (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002))). Thus, the Commissioner takes no position on the request for fees under Section 406(b). (Id.)

[5] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of Plaintiff's Motion Seeking Approval of the Contingent Fee Agreement Under 42 Section 406(b) (ECF No. 18).

3

instant motion was filed on May 15, 2025, 9 days after date of the Notice of Award letter. (Gov't Ltr. at 2). The Second Circuit applies Rule 54(d)(2)(B)'s 14-day time limit to the filing of attorney's fees requests under Section 406(b), Sinkler v. Berryhill, 932 F.3d 83, 87–88 (2d Cir. 2019), but recognizes that "district courts are empowered to enlarge that filing period where circumstances warrant." Id. at 89 (citing cases) (noting also that Rule 54(d)(2)(B) "expressly states that the specified period applies '[u]nless a statute or a court order provides otherwise'").

Here, the motion was filed within the 14-day time limit set by Rule 54. Accordingly, the Court deems the motion timely.

B. Reasonableness of Fee Request

The Court must now determine whether the requested fees are reasonable. See Gisbrecht v. Barnhart, 535 U.S. at 807–08; Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). If the requested fee is based on a contingency fee agreement, it should be enforced unless the agreement is unreasonable. Wells v. Sullivan, 907 F.2d at 372.

Although use of the lodestar method became popular in the context of "federal-court adjudication of disputes over the amount of fees properly shifted to the loser in [a] litigation," the Supreme Court in Gisbrecht v. Barnhart held that the reasonableness check of Section 406 was not intended to "displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 802, 807. This is because Section 406(b) authorizes "fees payable from the successful party's recovery." Id. at 802. Rather than a complete bar, Section 406(b) merely establishes a limit on contingency agreements, with the Supreme Court explaining that "[g]iven the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements." Gisbrecht v. Barnhart, 535 U.S. at 805. See also Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir.

4

2022) (citing Wells v. Sullivan, 907 F.2d at 371) (explaining that "because a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case – not an hourly rate determined under lodestar calculations") (internal quotation marks omitted).

When conducting a reasonableness analysis, courts consider the following factors: (1) whether the contingency percentage falls within the 25% cap set by Section 406(b), see, e.g., Gisbrecht v. Barnhart, 535 U.S. at 807 (holding that Section 406(b) "does not displace contingent-fee agreements" so long as the agreed-to fee comprises no more than 25% of a claimant's past-due benefits); (2) the character of counsel's representation and the achieved result (id. at 808); (3) whether counsel is responsible for undue delay (id.); (4) whether there has been fraud or overreaching in making the agreement; and (5) whether the requested amount is so large as to constitute a windfall to the attorney. See Fields v. Kijakazi, 24 F.4th at 853 (citing Gisbrecht v. Barnhart, 535 U.S. at 807 and Wells v. Sullivan, 907 F.2d at 372).

To provide further clarity on the windfall factor, the Second Circuit in Fields v. Kijakazi advised that this factor "does *not* constitute a way of reintroducing the lodestar method" and that courts must consider "more than the de facto hourly rate" to determine whether there is a windfall that renders a Section 406(b) fee unreasonable in the context of a particular case. Id. at 854 (emphasis in original). The Court in Fields v. Kijakazi instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant – including any representation at the agency level[,]" (3) the claimant's satisfaction, and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–56.

In the instant case, the Social Security Administration withheld $52,166.00 from plaintiff's past due benefits payable to plaintiff for the period February 2019 through December

5

2024 to pay a possible attorney fee request. (Gov't Ltr. at 1; Pierre Aff. Ex. C at 1). This represents 25% of plaintiff's past-due benefits of $208,664.[6] (See id.) Thus, the requested contingency fee falls within the 25% cap set by Section 406(b).

Counsel represents that the Firm expended 31.37 attorney hours and 4.04 paralegal hours on plaintiff's case before the District Court. (Pl.'s Aff. ¶ 12, Ex. B). Based on counsel's representations and the amount withheld by the Social Security Administration, counsel will receive a de facto hourly rate of $1,662.93 if the motion is granted.[7] (Pl.'s Mem. at 4). Although higher than hourly rates commonly awarded in this district under a typical lodestar analysis, this rate falls "within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit" when awarding fees under Section 406(b). Gentile v. Kijakazi, No. 21 CV 641, 2023 WL 6392905, at *2 (E.D.N.Y. May 3, 2023) (approving a de facto hourly rate of $1,750 and collecting cases that approved hourly rates between $1,072.17 to $2,100.00).

Beyond the de facto hourly rate, the Court's analysis of the record supports a finding that the Agreement is reasonable, and that the requested fee does not constitute a windfall to plaintiff's counsel. Counsel represents that he has over 20 years as a practicing attorney, licensed in the states of Florida and New York, representing claimants at hundreds of hearings at the administrative level and in federal court civil actions. (Pierre Aff. ¶ 2). Moreover, it is evident that counsel achieved an excellent result for plaintiff, who was established as disabled and awarded $208,664 in past-due benefits because of counsel's representation.[8] There is no indication from the record that counsel was responsible for any undue delay in this matter, and

---

[6] Neither counsel nor the government state the total amount of plaintiff's past-due benefits. Thus, the Court independently calculates this total by multiplying $52,166.00 by four.

[7] In plaintiff's Memorandum of Law, counsel states that the de facto hourly rate is $1,662.93 which he arrived at by dividing $52,166 by 31.37 hours, the number of attorney hours worked. (Pl.'s Mem. at 4).

[8] The Firm's representation included drafting a successful, persuasive Motion for Judgment on the Pleadings (see ECF No. 14), after which the Social Security Administration stipulated to remand the case for further administrative proceedings instead of filing papers in opposition (see ECF No. 16).

the Agreement appears to be standard in this field, rather than the result of fraud or overreaching on counsel's part.

As for the measure of satisfaction of the claimant, there is no evidence that plaintiff was dissatisfied with the results achieved, since he is now entitled to receive a substantial award of past-due benefits, as well as ongoing monthly benefits. See Fields v. Kijakazi, 24 F.4th at 855 (noting that there was no indication in the record that the claimant had objected to the fee amount, despite having a direct financial stake in the fee determination). Indeed, according to counsel, plaintiff "*does not* object to counsel's fee." (Pl.'s Mem. at 5).

Furthermore, counsel asks the court to consider the risk of non-payment that an attorney assumes in contingent fee arrangements and argues that the fact that that the plaintiff's application was denied four times at the agency level before remand, evidences the fact that success was not a sure thing. (Pl.'s Mem. at 5–6). Thus, counsel argues that the contingent nature of the fees and the uncertainty of a favorable result for plaintiff must be taken into account in considering the fee request. (Id. (citing Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)); see also Morrison v. Saul, No. 16 CV 4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019)). The Court agrees.

In sum, the Court finds that the Contingent Fee Agreement executed by plaintiff was both reasonable and in line with the congressional limitations placed on Section 406(b) awards. The requested fee is also reasonable, and it would not result in a windfall to counsel.

Finally, the Court notes that because counsel previously received an EAJA fee award of $7,898.06, which Judge DeArcy Hall awarded to plaintiff on July 11, 2022 (ECF No. 16; see Pierre Aff. ¶ 11), the Court orders the Commissioner to disburse a fee award in the amount of $44,267.94 , representing the difference between the amount set aside for the Section 406(b) award and the $7,898.06 previously awarded pursuant to EAJA.

## CONCLUSION

Accordingly, the Court grants the motion and Orders that plaintiff's counsel be awarded $44,267.94 in attorney's fees pursuant to Section 406(b)(1)(A) of the Social Security Act.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      September 29, 2025                 /s/ Cheryl L. Pollak
                                                Cheryl L. Pollak
                                                United States Magistrate Judge
                                                Eastern District of New York